**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DIMAS ALFARO-GRANADOS, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0086-RWS-CMS-7 |
| UNITED STATES, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:19-CV-1556-RWS-CMS |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion [1469], Respondent's response [1474], and Movant's reply [1479]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability are due to be denied.

## I.   **Background**

The grand jury for the Northern District of Georgia indicted Movant in count one for a racketeering conspiracy based on his participation in La Mara Salvatrucha

(MS-13) gang activity beginning on a date unknown, but no later than the year 2005.[1]

(Indictment at 2-4, ECF No. 1); see United States v. Alvarado-Linares, 698 F. App'x

969, 976 (11th Cir. 2017), cert. denied, _ U.S. _, 138 S. Ct. 1591 (2018).  In addition

to count one,[2] the grand jury also charged Movant in counts two and four as follows:

(count two) on October 27, 2006, Movant and others, aided and abetted by each other,

did knowingly and unlawfully murder L.K. in aid of racketeering, in violation of 18

U.S.C. §§ 1959(a)(1) and 2 (governing violent crimes in aid of racketeering activity

(VICAR)), and (count four) on December 14, 2006, Movant and others, aided and

abetted by each other, did knowingly and unlawfully murder J.G. in aid of

racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2.  (Id. at 21-22).[3]  The

---

[1] Movant was born on February 12, 1983; turned twenty-two on February 12, 2005; and, thus, was twenty-one and/or twenty-two years of age during 2005.  (See PSR at 33, ECF No. 1056).

[2] The overt acts for count one included:  (act 1) on October 27, 2006, Movant and three other gang members aided and abetted each other in the shooting and killing of fellow MS-13 member L.K.; (act 3) on December 24, 2006, Movant and other gang members aided and abetted another MS-13 member in the shooting and killing of Angel Gonzalez and the shooting of C.V.; and (act 6) on January 28, 2007, Movant and other gang members aided and abetted each other in the shooting and injury of suspected rival gang member V.T.  (Indictment at 11-12).

[3] Movant also was (1) charged, and convicted on lesser included offenses, on

grand jury made a special finding as to counts two and four – that Movant "[w]as 18 years of age or older at the time of the offense[.]"  (Id. at 41).

Movant pleaded not guilty and proceeded to trial represented by William A. Morrison.  (See Trial Trs. Vols. I-XV, ECF Nos. 1094-1103).  The jury found Movant guilty on count one, count two, a lesser included offense on count three, count four, and a lesser included offense on count five, and found him not guilty on counts six, seven, twelve, and thirteen.  (Jury Verdict, ECF No. 970).

The presentence investigation report (PSR) reiterated that Movant was eighteen years of age or older at the time of the offenses in counts two and four and stated that Movant was subject to (1) a life term on count one; (2) mandatory minimum life terms on counts two and four, 18 U.S.C. §§ 1959(a)(1) and 2; (3) a mandatory minimum and consecutive ten-year term on count three; and (4) a mandatory minimum and consecutive twenty-five year term on count five, for a custody guideline range of life plus thirty-five years.  (PSR at 1, 16, 36).  At sentencing, the Court overruled Movant's objections that the terms were cruel and

_____

counts three and five but, does not challenge those convictions or sentences, and (2) charged on counts six, seven, twelve, and thirteen, which were dismissed.

unusual; stated its intent to impose the mandatory minimum sentences and found that, under § 3553 factors that would apply, the mandatory minimum sentences were appropriate; and imposed three concurrent life sentences on counts one, two, and four; ten consecutive years on count three; and twenty-five consecutive years on count five.  (Sentencing Tr. at 8-10, 12, ECF No. 1105).

On direct appeal, again represented by Morrison, Movant argued that the imposition of a life sentence was cruel and unusual under the Eighth Amendment. Br. of Def.-Appellant at 14-15, Alvarado-Linares, 698 F. App'x 969 (No. 13-14994), 2014 WL 1400443.  The Eleventh Circuit Court of Appeals found as follows –

> [Movant] challenges his life sentence as cruel and unusual punishment pursuant to the Eighth Amendment. He acknowledges that success of such a challenge is "exceedingly rare" under the limited proportionality principle applicable to non-capital cases. Flores, 572 F.3d at 1268[4] (quoting United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005)). He presents no argument illustrating his case to be exceedingly rare . . . . We therefore reject his challenge . . . .

Alvarado-Linares, 698 F. App'x at 976.

---

[4] United States v. Flores, 572 F.3d 1254 (11th Cir. 2009).

4

Movant now brings this § 2255 motion and presents two grounds for relief: (1) ineffective assistance by trial and sentencing counsel and (2) ineffective assistance by appellate counsel.  (Mov't Mem. at 6-14, ECF No. 1469-1).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The § 2255 movant bears the burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

Collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence.  Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 164, 166 (1982).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. <u>Massaro v. United States</u>, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" <u>Rosin v. United States</u>, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). That is the case here, as shown in the discussion below.

## III.   **Discussion**

Movant argues that (1a) trial counsel performed ineffectively by failing to challenge his prosecution on counts two and four (VICAR crimes) when the RICO enterprise pre-dated Movant's eighteenth birthday (in that Movant was fifteen when,

6

in November 1998, the first MS-13 clique was organized in Atlanta)[5] and, thus, impermissibly subjected Movant to a mandatory life sentence for, what amounted to, juvenile conduct; (1b) for the same reasons, sentencing counsel performed ineffectively by failing to object to the PSR recommendation that Movant be sentenced to life on counts two and four; and (2) appellate counsel performed ineffectively by failing to raise the above challenges to his convictions and sentences on counts two and four.   (Mov't Mem. at 6-14 (relying on, *inter alia*, Miller v. Alabama, 567 U.S. 460 (2012); Roper v. Simmons, 543 U.S. 551 (2005); United States v. Under Seal, 819 F.3d 715 (4th Cir. 2016); In re Vassell, 751 F.3d 267, 269 n.4 (4th Cir. 2014))).

Respondent argues that Movant's claim – that counts two and four should have been dismissed because he was a juvenile when MS-13 became active in Atlanta – fails.  (Resp't Resp. at 7, 10, ECF No. 1474).   Respondent agrees that Movant was fifteen years old when MS-13 started up in Atlanta in 1998 (noting that the evidence

---

[5] Although Movant states 1989 in the body of his memorandum he states in a footnote that it was November 1998 and cites to the indictment, which states that the first MS-13 clique was formed in Atlanta in November 1998 by approximately twenty MS-13 members from California and El Salvador.  (Mov't Mem. at 9 and n.10; see also Indictment at 4).

does not show whether or not Movant was an MS-13 member or whether he even lived in Atlanta at that time) but states that the evidence shows that Movant was an adult when he committed crimes on behalf of MS-13.  (Id. at 10).

> [Movant] was 23 years old when he assisted in the murder of fellow gang member Lal Ko.  He was also 23 years old when he conferred with the clique leader, Miguel Alvarado-Linares, and they decided that Miguel Guevara would have to shoot at a rival gang member before he could "calm down."  The decision that [Movant] made with Alvarado-Linares led to the death of Angel Gonzalez. He cannot evade responsibility for his adult crimes simply because he was a juvenile when MS-13 came to Atlanta.

(Id. at 10-11).  In reply, Movant repeats his prior argument and asserts that Miller applies because he was fifteen years old when the "crimes began."  (Pet'r Reply at 4, 10, ECF No. 1479).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced him.  Id. at 690-92.  The Court may resolve an ineffective assistance claim based on either of the above prongs.  Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "Because we presume counsel was competent, [the movant] 'must establish that no competent counsel would have taken the action that his counsel did take.'" Dell v. United States, 710 F.3d 1267, 1281 (11th Cir. 2013) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Strickland applies to claims of ineffective assistance of appellate counsel, and the movant must demonstrate that counsel performed deficiently and that, if counsel had not performed deficiently, "there is a reasonable probability of a different result in the appeal had the claim been presented in an effective manner[.]" Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), cert. denied, _ U.S. _, 138 S. Ct. 925 (2018).

9

Section 1959 of Title 18, governing VICAR, dictates –

(a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—

> (1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both . . . .

See Flores, 572 F.3d at 1268 ("Life sentences are expressly permitted for RICO conspiracy and are required for VICAR murder.").

A conspiracy is a continuing crime. Id. at 1269. "[A] conspirator commits the crime each day that he remains a member of the conspiracy. Thus, an eighteen-year-old who continues to participate in a conspiracy after his eighteenth birthday commits an act in violation of law after his birthday." United States v. Maddox, 944 F.2d 1223, 1233 (6th Cir. 1991), as amended on denial of reh'g sub nom., United States v. Arnold, 12 F.3d 599 (6th Cir. 1993). "[I]n the context of a RICO conspiracy, if the defendant continues his participation in the activities of the conspiracy past the age of majority, those crimes may be considered for *both* determining guilt and his

10

sentence." <u>Flores</u>, 572 F.3d at 1270.  "[O]nce having established that certain acts of the offense occurred after the defendant's eighteenth birthday, the entire case may be tried in accordance with the adult rules of procedure and evidence." <u>United States v. Cruz</u>, 805 F.2d 1464, 1477 (11th Cir. 1986); <u>see also</u> <u>Flores</u>, 572 F.3d at 1269 ("Once it has been established that a defendant's 'participation in a conspiracy continued after his eighteenth birthday, then he may be tried as an adult.  In his trial as an adult, only the strictures imposed by the Federal Rules of Evidence may limit the activities of the prosecutor.'" (quoting <u>Cruz</u>, 805 F.2d at 1476))).

Movant's attempt to avoid statutory punishment – by stating that his crime actually began in 1998, when the first MS-13 clique was formed in Atlanta and he was fifteen years old – fails.  It is not apparent that Movant was even associated with the first clique when it formed in Atlanta in 1998.  Even if he was, it would be irrelevant because the grand jury indicted Movant on a conspiracy which was estimated to have begun at a date unknown but no later than the year 2005.  (<u>See</u> Indictment at 4-16).  A conspiracy is a continuing crime, and, at whatever time it started, it was continuing in 2005, when Movant was an adult.  All of the overt acts occurred in 2006 through 2009 (the specific murders related to counts two and four occurred in 2006), and Movant was an adult during that entire time frame.  (<u>See</u>

11

Indictment at 10-16).  Movant participated as an adult and committed the crimes as an adult, and the Court properly applied § 1959(a).  See Flores, 572 F.3d at 1269; see also United States v. Guerrero, 768 F.3d 351, 361-62, 367 (5th Cir. 2014) (affirming judgment against Defendant who was sixteen when his involvement in RICO conspiracy began, who continued in the conspiracy after he turned eighteen, and who received multiple life sentences based on predicate offenses involving murder, committed after he had attained the age of eighteen).

Neither Miller, Roper, nor Under Seal provide a reason to find that counsel was ineffective.  The Court in Miller held that the Eighth Amendment did not allow a mandatory, non-individualized, life term without parole for defendants who were under the age of eighteen when they committed their crimes.  Miller, 567 U.S. at 489. The court in Roper held that the Eighth Amendment did not allow the death penalty to be imposed on defendants who were under the age of eighteen when they committed their capital crimes.  Roper, 543 U.S. at 556, 578.  The court in Under Seal agreed with the district court that a defendant who committed murder while a juvenile cannot be prosecuted for committing murder in aid of racketeering when § 1959(a)(1) requires a mandatory sentence of death or life imprisonment for that crime.  Under Seal, 819 F.3d at 728.  As stated, Movant was above the age of eighteen

12

when, as a member of the conspiracy, he aided and abetted the murders at issue.  The

decision in In re Vassell also is unhelpful.  In that case, the court observed that Vassell

had participated in a drug conspiracy both before and after he turned eighteen;

assumed, *without deciding*, that Vassell qualified as a "juvenile offender" for

purposes of challenging his life sentence; and found that he was not entitled to file a

successive 28 U.S.C. § 2255 motion as it would be untimely.  Id. at 268.  Had counsel,

either before trial, at trial, at sentencing, or on appeal raised the argument now raised

by Movant, its chance of success is not reasonably probable.

## IV.   Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must

issue or deny a certificate of appealability when it enters a final order adverse to the

applicant. . . . If the court issues a certificate, the court must state the specific issue

or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court

will issue a certificate of appealability "only if the applicant has made a substantial

showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The

applicant "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong."   Melton v. Sec'y, Fla.

13

Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V. **Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [1469] to vacate, set aside, or correct his federal sentence and a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

14

**IT IS SO RECOMMENDED and DIRECTED**, this 27th day of February, 2020.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

_____