# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DIMAS ALFARO-GRANADOS, | : | |
|     Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-0086-RWS-7 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:19-CV-1556-RWS |
|     Respondent. | : | |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 1522], recommending that Movant's motion to vacate pursuant to 28 U.S.C. § 2255, [Doc. 1469], be denied and the case dismissed. Movant has filed his objections in response to the R&R. [Doc. 1524].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

As set forth in more detail in the R&R, Movant was convicted in this Court after a jury trial for various counts, including racketeering conspiracy, violent crime (murder) in aid of racketeering conspiracy, and firearms charges all of which were related to his involvement with the La Mara Salvatrucha (MS-13) gang. This Court sentenced Movant to a mandatory sentence of life plus thirty-five years. Movant appealed and the Eleventh Circuit affirmed Movant's convictions and sentences. United States v. Alvarado-Linares, 698 F. App'x 969, 976 (11th Cir. 2017). Movant next filed the instant § 2255 motion to vacate raising two grounds for relief: (1) ineffective assistance by trial and sentencing counsel and (2) ineffective assistance by appellate counsel.[1] Both of his claims relate to his contention that he was a juvenile when he joined MS-13 and that under Miller v. Alabama, 567 U.S. 460, 479 (2012), the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.

In the R&R, the Magistrate Judge concluded that Movant is not entitled to relief. Specifically, Movant's claim that his mandatory life sentence violates the Eighth Amendment is belied by the record as he was clearly at least eighteen at the time of the murders in which he participated and that were the basis of his convictions. As Movant states, he was born on February 12, 1983. On October 27, 2006, Movant

---

[1] William Morrison represented Movant both at trial and on appeal.

participated in the murder of Lal Ko. On December 24, 2006, Movant participated in the murder of Angel Gonzalez. Movant was 23 at the time of both of these murders, and his claim that he should be treated as a juvenile with respect to those crimes entirely fails. As a result, his trial/appellate counsel was not ineffective for failing to raise that issue either at his sentencing or on appeal.

In his objections, Movant merely repeats the arguments that the Magistrate Judge fully addressed and properly rejected. See Chester v. Bank of Am., N.A., 1:11-CV-1562-MHS, 2012 WL 13009233 at *1 (N.D. Ga. Mar. 29, 2012) (noting that "general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object").

Having reviewed the R&R in light of Plaintiff's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 1522], is hereby **ADOPTED** as the order of this Court, and the § 2255 motion, [Doc. 1469], is **DENIED**.

This Court further agrees with the Magistrate Judge that Movant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, a Certificate of Appealability is **DENIED** pursuant to § 2253(c)(2) and Rule 11 of the Rules Governing § 2255 cases.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to close Civil Action No. 1:19-CV-1556-RWS.

**IT IS SO ORDERED**, this 16th day of March, 2019.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)